# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| NOREEN RODRIGUEZ LOPEZ, §<br>*Plaintiff* §<br>§<br>v. §<br>§<br>WAL-MART STORES TEXAS, LLC, §<br>*Defendant* § | Case No. 1:24-CV-00334-SH |

## ORDER

Before the Court are Defendant Wal-Mart Stores Texas, LLC's Motion for Summary Judgment (Dkt. 18), filed March 17, 2025; Plaintiff Noreen Rodriguez Lopez's Response (Dkt. 19), filed March 31, 2025; Defendant's Objections and Reply (Dkt. 22), filed April 7, 2025; and Plaintiff's Further Response, filed April 11, 2025 (Dkt. 24).[1]

## I. Background

Plaintiff Noreen Rodriguez Lopez, now Capuano, alleges that while she was shopping at a Wal-Mart Stores Texas, LLC ("Walmart") store on February 3, 2023 in Austin, Texas, she slipped and fell on some grapes on the floor of the produce aisle, suffering injuries. Original Petition, Dkt. 1-2 at 3. Capuano sued Walmart in Texas state court, asserting a claim for premises liability. *Id.* at 3-5. She alleges that Walmart had a duty "to exercise reasonable care to prevent a dangerous condition on the premises, or to exercise ordinary care or to correct such a condition after Defendant knew, or by the exercise of ordinary care should have known of the dangerous condition." *Id.* at 4. Walmart removed the case to this Court based on diversity jurisdiction.

Walmart now moves for summary judgment, arguing that it had no actual or constructive knowledge of an unreasonably dangerous condition on its premises.[2]

---

[1] The Court grants as unopposed Plaintiff's motion for leave to file her sur-reply.

[2] The Court overrules Walmart's objections to Capuano's evidence and considers all evidence submitted.

1

## II. Legal Standard

Summary judgment under Federal Rule of Civil Procedure 56(a) shall be rendered when the pleadings, the discovery and disclosure materials, and any affidavits on file show that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court must view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508.

Once the moving party has shown the absence of a genuine issue of material fact, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 585 n.10, 586-87. If the nonmoving party fails to make a showing sufficient to establish an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

## III. Analysis

Under Texas law, premises owners generally "have a duty to protect invitees from, or warn them of, conditions posing unreasonable risks of harm if the owners knew of the conditions or, in the exercise of reasonable care, should have known of them." *McCarty v. Hillstone Rest. Grp., Inc.*, 864 F.3d 354, 358 (5th Cir. 2017) (citation omitted). But an owner "generally has no duty to warn of hazards that are open and obvious or known to the invitee." *Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 204 (Tex. 2015).

To prevail on a premises liability claim, a plaintiff must show:

(1) The property owner had actual or constructive knowledge of the condition causing the injury;

(2) The condition posed an unreasonable risk of harm;

(3) The property owner failed to take reasonable care to reduce or eliminate the risk; and

(4) The property owner's failure to use reasonable care to reduce or eliminate the risk was the proximate cause of the plaintiff's injuries.

*McCarty*, 864 F.3d at 358 (quoting *Henkel v. Norman*, 441 S.W.3d 249, 251-52 (Tex. 2014)).

In a slip-and-fall case, a plaintiff can satisfy the knowledge element by showing that (1) the defendant placed the slippery substance on the floor; (2) the defendant actually knew that the slippery substance was on the floor; or (3) the slippery substance was on the floor long enough to give the defendant a reasonable opportunity to discover it. *Id.* To prove any of these propositions, a plaintiff may rely on either direct or circumstantial evidence. *Garcia v. Wal-Mart Stores Tex., LLC*, 893 F.3d 278, 279 (5th Cir. 2018).

**A. No Evidence that Walmart Placed the Grapes on the Floor**

Capuano neither alleges nor offers evidence that Walmart placed the grapes on the floor. She admitted at deposition that she did not see a Walmart employee put the grapes on the floor and did not know if a "Walmart employee or Walmart store associate put those grapes on the floor." Capuano Tr. at 35:9-21, Dkt. 19-2 at 10.

**B. Actual Knowledge**

Capuano contends that Walmart "knew or should have known" that the grapes were on the floor, pointing to Walmart cleanup policies, the physical appearance of the grapes, and Walmart employees' proximity to the area where she fell. Dkt. 19 at 10. Her arguments about what Walmart should have known do not show actual knowledge. "Actual knowledge is what a person actually knows. On the other hand, proof of constructive knowledge requires only that the condition existed

long enough for the possessor to have discovered it upon reasonable inspection." *Cardner v. Home Depot U.S.A., Inc.*, 561 F. Supp. 2d 640, 644 (E.D. Tex. 2006) (cleaned up) (quoting *Motel 6 G.P. v. Lopez*, 929 S.W.2d 1, 3-4, 30-31 (Tex. 1996)). These arguments relate to constructive notice, which the Court addresses below.

Capuano offers no evidence that Walmart or its employees actually knew the grapes were on the floor before she slipped. She argues that "there is certainly sufficient evidence to support that employees were aware of the grapes on the floor," Dkt. 19 at 15, but testified that no Walmart employee told her that they knew that the grapes were on the floor. Capuano Tr. at 35:14-17, Dkt. 19-2 at 10. Nor did she testify that a Walmart employee saw or was told about the grapes before her fall.

Capuano contends that video evidence of the incident shows that approximately two minutes before her fall, a Walmart employee picked up an item off the floor near the area where she slipped and fell. She contends that the item the employee picked up "could well be grapes," and that the employee "might be seen on the video picking up a package of grapes from the floor." Dkt. 19 at 14-15. This speculation cannot carry Capuano's burden to establish a genuine fact issue that Walmart was aware of the grapes on the floor. *Lozano v. Walgreen Co.*, No. 1-22-CV-497-DII, 2023 WL 3593195, at *4 (W.D. Tex. May 22, 2023), *R. & R. adopted*, 2023 WL 4096742 (W.D. Tex. June 20, 2023). Capuano also argues that "there are approximately 14 appearances of Walmart employees walking through or working in the produce area." Dkt. 19 at 14. Although video evidence shows Walmart employees walking through the area, it does not appear to show them looking down at the area where Capuano fell. She has not shown that Walmart had actual knowledge.

## C. Constructive Knowledge

For her claim to survive summary judgment, therefore, Capuano must show a genuine issue of fact as to constructive knowledge. To show constructive knowledge, a plaintiff must establish that it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it. *Garcia*, 893 F.3d at 279. This has been called the "time-notice rule." *Martinez v. Home Depot U.S.A., Inc.*, No. SA-21-CV-00841-XR, 2023 WL 2874452, at *5 (W.D. Tex. Apr. 10, 2023). The length of time considered reasonable varies based on the facts and circumstances, and courts consider not just how long a condition existed but also how close employees were to it and how conspicuous it was. *Britt v. Walgreen Co.*, No. 1:19-CV-781-RP, 2022 WL 3135302, at *2 (W.D. Tex. Aug. 5, 2022) ("Thus, when determining whether a defendant had constructive knowledge of a hazardous condition, a court must consider evidence of (1) longevity; (2) proximity, and (3) conspicuity.") (citing *Pena v. Home Depot U.S.A., Inc.*, 32 F. Supp. 3d 792, 797 (S.D. Tex. 2013)). In all cases, "there must be *some* proof of how long the hazard was there before liability can be imposed on the premises owner." *McCarty*, 864 F.3d at 359-60 (citation omitted).

There is no probative evidence how long the grapes were on the floor. Capuano testified that she did not know how long they had been on the floor. Capuano Tr. at 49:1-3, Dkt. 19-2 at 13. She asserts that a Walmart employee might be seen picking up what could be grapes, but this speculation is insufficient to show constructive knowledge. Moreover, after the employee allegedly "did not clean up the other spilled grapes that were on the floor," the video shows customers passing through the same general area four times over approximately two minutes without appearing to notice grapes or slip on them. Exhibit A, WM0011 video at 2:22:46-2:23:56, Dkt. 19-1.

Capuano and her daughter state in their affidavits that the grapes looked like they had been on the floor for an extended period because some were smashed, as if they had been stepped on by many people. Dkt. 19-3 ¶ 3; Dkt. 19-4 ¶ 2. Evidence that the grapes were smashed is insufficient to establish constructive knowledge. "[I]t is well-settled in slip-and-fall cases involving food hazards that the hazard being covered in dirt or smashed does not create an inference of how long it was on the floor." *Bradford v. Walmart Stores Texas, LLC*, No. 1:21-CV-00363, 2023 WL 2319420, at *4 (E.D. Tex. Feb. 1, 2023) (collecting cases), *aff'd*, No. 23-40138, 2024 WL 658967 (5th Cir. Feb. 16, 2024). Capuano does not meet her burden to show that the grapes were on the floor long enough to give Walmart a reasonable opportunity to discover them.

Capuano argues that Walmart employees' proximity to her fall area "almost continually for the entire period covered by the video" supports constructive notice. Dkt. 19 at 14. She also testified that a Walmart employee was in front of her when she fell. Capuano Tr. at 31:1-11, Dkt. 19-2 at 9. Without evidence of longevity, employee proximity to the grapes does not show constructive knowledge. *See Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 816 (Tex. 2002) ("An employee's proximity to a hazard, with no evidence indicating how long the hazard was there, merely indicates that it was *possible* for the premises owner to discover the condition, not that the premises owner reasonably *should* have discovered it.").

Capuano's limited evidence of the grapes' conspicuity does not carry her burden to show constructive knowledge. She submits a photo purporting to show "dark streaks" of grape residue still on the floor when her daughter returned to the store after her mother fell. Dkt. 19 at 5 (citing Dkt. 19-3 at 3). But Capuano did not testify that she saw the grapes before she fell. Many customers and Walmart employees passed through the area where Capuano fell without appearing to notice the grapes, and they are not visible on the video evidence of Capuano's fall.

6

Because Capuano offers no proof how long the grapes were on the floor and only limited evidence of conspicuity and proximity, the Court cannot find that Walmart had constructive notice. *See McCarty*, 864 F.3d at 359-60 (holding that without evidence how long the dangerous condition was on the floor, a plaintiff cannot establish a defendant's constructive notice). Balancing the factors of proximity, conspicuity, and longevity, the Court finds that Capuano does not submit evidence sufficient to create a fact dispute as to Walmart's constructive notice of the grapes.

Capuano also relies on Walmart's policies to conduct safety sweeps and quickly clean up spills to show constructive knowledge, arguing that Walmart "is fully aware of the dangers posed by hazards on their floors." Dkt. 19 at 12. She contends that the alleged presence of an employee, "trained to continually scan the floor for hazards, only a few feet ahead of Plaintiff when she fell, also raises a fact issue that this employee saw or should have seen the grapes widely scattered on the floor." *Id.* at 15. Walmart's policies cannot be used to increase its standard of care. *Garcia*, 893 F.3d at 281 (holding that store policies about floor cleaning did not "escalate the standard of care"). Nor do the policies support constructive knowledge. *Reece*, 81 S.W.3d at 816 (holding that store's policy to keep store free from hazards did not support constructive knowledge). Walmart's policies and its employees' alleged failure to adhere to them do not establish how long the grapes were in the aisle, which Capuano must show to prove constructive knowledge.

Finally, Capuano asserts in her sur-reply that she "continues to believe that the court will readily see that there is much discovery still to accomplish in this case." Dkt. 24 at 4. While these arguments imply that summary judgment is premature, this case had been pending for nearly a year when Walmart filed its motion on March 17, 2025, and the Court entered the parties' proposed scheduling order requiring them to complete all discovery by February 28, 2025. Dkt. 3 ¶ 7; Dkt. 12 ¶ 6.

Rule 56(d) provides a remedy to a nonmovant who "cannot present facts essential to justify its opposition" to a motion for summary judgment. The party filing the Rule 56(d) motion must show how additional discovery will create a genuine issue of material fact. *Jacked Up, LLC v. Sara Lee Corp.*, 854 F.3d 797, 816 (5th Cir. 2017). The nonmovant must "set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Id.* (citation omitted). Capuano has neither filed a Rule 56(d) motion nor met these requirements. The Court finds that Walgreens' motion for summary judgment is not premature.

**D. Conclusion**

"Actual or constructive knowledge is an essential element of a premises liability claim." *Benedetti v. Wal-Mart Stores Tex., LLC*, No. 5:16-CV-604-DAE, 2018 WL 2996900, at *3 (W.D. Tex. Apr. 12, 2018). Capuano's theories about the grapes are not proof how long they were on the floor. Walmart cannot be held liable based on circumstantial evidence that supports only a possibility the grapes were on the floor long enough to give its employees a reasonable opportunity to discover them. *McCarty*, 864 F.3d at 360.

Because Capuano has not shown that Walmart had actual or constructive knowledge of a hazardous condition, the Court **GRANTS** summary judgment for Walmart.

## IV.   Order

The Court **GRANTS** Plaintiff's Motion for Leave to File Further Response (Dkt. 23), **GRANTS** Defendant Wal-Mart Stores Texas, LLC's Motion for Summary Judgment (Dkt. 18), and **ORDERS** that Plaintiff's premises liability claim against Walmart is **DISMISSED WITH PREJUDICE**.

The Court will enter final judgment in a separate order.

**SIGNED** on June 10, 2025.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE